## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                                              **Case No. 3:05CR73/RV**

**ORRY WESLEY HARMON**

_____/

## SENTENCING FINDINGS

Section 2K2.1(b)(5) of the Sentencing Guidelines provides for a four level increase in a defendant's base offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." The Defendant in this case, Orry Wesley Harmon, was arrested after a traffic chase as he attempted to elude the law enforcement officers. A search of the vehicle after he was apprehended revealed a Smith & Wesson .40 caliber pistol, and the ammunition which the defendant admitted he had removed from the pistol during the chase, as well as several items commonly used in the manufacture of methamphetamine.[1] On September 2, 2005, the Defendant pled guilty in federal court to the charge of Possession of a Firearm by a Convicted Felon under Title 18, United States Code, Section 922(g). State charges for a number of other offenses, including the felony of Possession of a Listed Chemical with Intent to Manufacture a Controlled Substance

---

[1] Specifically, the search found 96 30mg Sudafed tablets and three 11-oz cans of starting fluid containing ethyl ether. These materials are commonly used in the manufacture of methamphetamine. The search also revealed a small amount of marijuana, three glass pipes of a type commonly used to smoke crack cocaine or methamphetamine, with residue, and an unprescribed Lortab pill.

based on the same incident are currently pending.

The Defendant argues that a 2K2.1(b)(5) enhancement is not appropriate in this case because he did not possess the firearm "in connection with" any felonious conduct. While there is a split among the Courts of Appeals as to how to interpret the "in connection with" language of 2K2.1(b)(5), the Eleventh Circuit has held that "in certain circumstances, mere possession of a firearm can be enough to apply [the 2K2.1(b)(5)] sentencing enhancement." United States v. Jackson, 276 F.3d 1231, 1234 (11th Cir. 2001). If the facts of a given case support an inference that the defendant would have, if necessary, used the firearm in the furtherance of his felonious activity, then an enhancement under 2K2.1(b)(5) is appropriate. Id.; see also United States v. Gainey, 111 F.3d 834, 837 (11th Cir. 1997) (enhancement appropriate where "the presence of the gun potentially emboldened [the defendant] to undertake illicit drug sales"); United States v. Matos-Rodriguez, 188 F.3d 1300, 1308 (11th Cir. 1999) (enhancement is appropriate where it is reasonable to assume that a defendant possesses a firearm, even without using it, to prevent the theft of counterfeit currency in his possession).

Here, the facts are plainly sufficient to warrant an inference that Harmon possessed the firearm "in connection with" a felony offense, as those word are interpreted in the Eleventh Circuit. The primary purpose behind the 2K2.1(b)(5) enhancement was to deal with the risk posed by the use of firearms in connection with illegal conduct such as the sale or manufacture of controlled substances. Unlike the situation in United States v. Hodge, 3131 F. Supp. 2d 1283 (M.D. Ala. 2004), cited by the Defendant, the Defendant in this case did not simply possess a small amount of a controlled substance that was most likely for personal use.  Harmon was found in the possession of List I Chemicals which are commonly used the in manufacture of methamphetamine. He has an extensive criminal history of prior drug

offenses, including the manufacture of methamphetamine and the theft of precursor chemicals used in the manufacture of methamphetamine. Given these facts, it is reasonable to assume that the Defendant possessed the firearm, at least in part, to protect against the theft of the List I Chemicals he intended to use in the manufacture of methamphetamine. His own attempt to evade and to unload the weapon are indicative of his intended "bad purpose." This activity constitutes possession of a firearm "in connection with" a felony offense under 2K2.1(b)(5).

DONE AND ORDERED this 18th day of November, 2005.

/s/ *Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**